948 F.2d 1294
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert C. DAVIS, Plaintiff-Appellant,
v.
David E. ROBINSON, in his individual capacity as director of
the division of Occupational and Professional Licensing of
the Department of Business Regulation; Division of
Occupational and Professional Licensing of the Department of
Business Regulation; State of Utah, Defendants-Appellees.
 No. 91-4034.
 United States Court of Appeals, Tenth Circuit.
 Nov. 19, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff (Physician) appeals a summary judgment.
 
 
 3
 Physician, licensed under Utah law, based his complaint upon 42 U.S.C. § 1983. He complained the Utah licensing authorities (Defendants) are investigating his conduct and intend to file an administrative action against him to suspend or revoke his license. His complaint further alleged that Defendants are biased against him; refuse to disclose the nature of the allegations against him; are collecting evidence in violation of Utah law; are leaking confidential information and all of this is denying Physician his right to due process. Physician asks for declaratory relief (Utah Code Ann. § 58-12-35(1) is unconstitutional as it vests too much power in the Director[1]) and injunctive relief (stop the proceedings).
 
 
 4
 Defendants filed a motion to dismiss for failure to state a claim or alternatively a motion for summary judgment. The district court granted Defendants' motion for summary judgment and in doing so stated simply: "[I]n comity as well as the doctrine of exhaustion you ought to be proceeding in State Court and that's what I'm going to rule." The parties attempt to cast the issue presented in the light of whether or not a § 1983 plaintiff must exhaust his state judicial and administrative remedies.
 
 
 5
 We characterize the district court's decision as a refusal to accept jurisdiction based, at least in part, upon the principles of comity.
 
 
 6
 Physician asked the district court to halt an ongoing investigation in a pending state licensing proceeding claiming his due process rights were being trampled. The law is clear and well settled that a defendant in a civil or administrative enforcement proceeding may not enjoin or sidetrack that proceeding by resorting to a § 1983 action in federal court. Moore v. Sims, 442 U.S. 415 (1979); Trainor v. Hernandez, 431 U.S. 434 (1977); Juidice v. Vail, 430 U.S. 327 (1977); Huffman v. Pursue, Ltd., 420 U.S. 592 (1975).
 
 
 7
 Ordinarily a federal court is not free to decline to accept jurisdiction. A federal court is justified in declining jurisdiction only when there are truly exceptional circumstances. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976); Alabama Pub. Serv. Comm'n v. Southern Ry. Co., 341 U.S. 341, 3498-50 (1951); Burford v. Sun Oil Co., 319 U.S. 315 (1943).
 
 
 8
 The case before us was brought to enforce federally secured rights. However, if the district court accepted jurisdiction it would: (1) preclude the state from developing complex facts; (2) divest the state's specialized tribunal from exercising jurisdiction; (3) defeat the state's manifest interest in the regulation of the practice of medicine within its boundaries; and (4) quickly generate intense friction between the state and federal governments. Perhaps most importantly, Utah law provides for an adequate state court review of any administrative order and Physician's asserted federal rights will clearly be preserved as the actions of Utah courts may ultimately be appealed to the Supreme Court of the United States.
 
 
 9
 We therefore hold under the facts of this case the district court properly declined to exercise its jurisdiction. We specifically note the district court should not have granted final judgment as this would preclude Physician from the possibility of pursuing his § 1983 remedy in federal court at some future time should circumstances then permit. The proper course of action would have been to stay the proceeding or dismiss the action without prejudice.
 
 
 10
 We REMAND this case to the district court with instructions to vacate the summary judgment and to dismiss the action without prejudice. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Section 58-12-35 reads in pertinent part as follows:
 The director, upon the written recommendation of the board, ... shall discipline a physician licensed....